UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEIL ROWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO.: 1:20-cv-2803 |
| | ) |
| PROMETRIC, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND JURY DEMAND**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Neil Rowe ("Rowe"), by counsel, against Defendant, Prometric, LLC ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 *et. seq.*

**II. PARTIES**

2. Rowe is a resident of Indiana, who at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b).

6. Rowe was an "employee" as that term is defined by 42 U.S.C. § 2000e(f).

9. Rowe satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging Discrimination based on his Sex. Rowe received the required Notice of Suit Rights and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

11. Rowe began working for Defendant in or around November 2019, as a Business Development Manager.

12. At all relevant times, Rowe met or exceeded Defendant's legitimate performance expectations. In fact, at the time of his termination, Defendant paid him the remaining half of his sign on bonus. The remaining half was owed to Rowe if he met their performance expectations.

13. Rowe was employed in the business development group alongside ten (10) other employees. Each employee reported to the Baltimore Office. This group comprised of eight (8) male employees and two (2) female employees.

14. The two (2) females in the group, Linda Waters and Allison Kramer, received better sales accounts and more opportunities for success. Including, but not limited to;

    a.    In or around January 2020, when Colleen Caulfield resigned, her accounts within Rowe's territory, were given to Linda Waters.

    b.    In or around January 2020, Rowe asked Pat Fisher, Supervisor, why the accounts in his territory were assigned to Waters, but Fisher never offered Rowe an explanation.

15.    On or around February 18, 2020, Patrick Flynn was terminated.

16.    On or around April 2020, employee Craig Celgin separated from Defendant's employment for unknown reasons.

17.    On or around April 15, 2020, employees Paul Higby, Martin Conley, and Michael McCullough were terminated.

18.    On or around June 19, 2020, Don Nemer, Patrick Fisher, and Rowe were terminated.

19.    Neither Waters nor Kramer were terminated by Defendant.

20.    Defendant's reasons for terminating Rowe and his male coworkers are pretext for sex discrimination. For the months of February to June 2020, Defendant engaged in the discriminatory practice of terminating based on sex, over seniority.

### V. CAUSES OF ACTION

21.    Rowe hereby incorporates by reference paragraphs one (1) through twenty (20) of his Complaint as if the same were set forth at the length herein.

22.    Defendant discriminated against Rowe by subjecting him to disparate treatment on the basis of his Sex.

23. Defendant's actions were intentional, willful, and in reckless disregard of Rowe's rights as protected by Title VII of the Civil Rights Act of 1964 , as amended 42 U.S.C. § 2000e(f).

24. Rowe has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Neil Rowe, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her sex;

2. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Order that Plaintiff be awarded any back pay he would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts.

4. Award Plaintiff compensatory damages for Defendant's violations of Title VII;

5. Award Plaintiff punitive damages for Defendant's violations of Title VII;

6. Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Award Plaintiff pre- and post judgement interest on all sums recoverable; and


8. Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Taylor Ferguson*
Taylor Ferguson
Andrew Dutkanych III
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: Tferguson@bdlegal.com
Ad@bdlegal.com
*Attorneys for Plaintiff, Neil Rowe*

## DEMAND FOR JURY TRIAL

Plaintiff, Neil Rowe, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Taylor Ferguson*
Taylor Ferguson
Andrew Dutkanych III
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: Tferguson@bdlegal.com
Ad@bdlegal.com
*Attorneys for Plaintiff, Neil Rowe*